**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOILER TUBE COMPANY OF AMERICA, a Delaware corporation and THERMAL ENGINEERING INTERNATIONAL (USA) INC., a Delaware corporation** | **Civil Action No.: ______________________** |
| | **(Jury Trial Demanded)** |
| **Plaintiffs,** | |
| **v.** | |
| **POWER & INDUSTRIAL SERVICES CORPORATION, a Pennsylvania corporation,** | **FILED ELECTRONICALLY** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Boiler Tube Company of America ("BTA") and Thermal Engineering International (USA) Inc. ("TEI"), collectively "Plaintiffs," by their undersigned attorneys, for their cause of action against Power & Industrial Services Corporation ("Defendant"), state and allege as follows:

**THE PARTIES**

1. BTA is a Delaware corporation having a principle place of business at 506 Charlotte Highway, Post Office Box 849, Lyman, SC 29365.

2. TEI is a Delaware corporation having its principal place of business at 10375 Slusher Drive, Santa Fe Springs, California 90670.

3. Both BTA and TEI are wholly owned subsidiaries of Babcock Power Inc.

("BPI"). BPI is a Delaware corporation having its principle place of business at 6 Kimball Lane, Suite 210, Lynnfield, Massachusetts 01940.

4. Defendant is a Pennsylvania corporation having its corporate headquarters located at 95 Washington Street B, Donora, Pennsylvania 15033.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Plaintiffs also seek relief for Defendant's violations under Pennsylvania common law.

6. This Court has personal jurisdiction over Defendant because Defendant transacts business in this District, has an interest in, uses, or possesses real property in this District, and has committed and induced acts of patent infringement and has caused harm or tortious injury by an act or omission in this District, giving rise to this action.

7. Venue is proper in this Court under the provisions of Title 28, United States Code § 1391 and § 1400, because Defendant resides in and is subject to personal jurisdiction in this district and further has committed acts of infringement in this district.

## BACKGROUND

8. Plaintiffs are engaged in the research, development, manufacture, and sale of large scale heat transfer equipment for various industries.

9. BTA supplies replacement boiler pressure parts and other related auxiliary components for all styles of boilers, for example catalyst doors.

10. Upon information and belief, Defendant is engaged in the manufacture and sales of combustion improvement equipment as well as other boiler related equipment.

11. On July 2, 2002, United States Patent No. 6,412,221 ("the '221 patent"), entitled "Catalyst Door System" was issued by the United States Patent and Trademark Office to Jon Emsbo ("the '221 inventor"), who had previously assigned the '221 patent to TEI by way of an assignment which was recorded on August 2, 2000 at reel/frame numbers 010987/0578. All maintenance fees have been paid. A copy of the '221 patent is attached hereto as Exhibit A.

12. BTA is the exclusive licensee of the '221 patent.

13. BTA placed a bid on or about June 18, 2014 to supply catalyst door systems for the Colorado 47 Tri-State, Craig Generation Station, Unit 2 Project ("the Craig Project").

14. The technical requirements for the catalyst door systems for the Craig Project were outlined in the "Tri-State Craig NOx Reduction Project, Selective Catalytic Reduction System, 178785.65.3310, RFP Issue," dated August 2013, published by Black & Veatch Corporation, Overland Park, Kansas ("the Craig Specification"). The Craig Specification is attached hereto as Exhibit B.

15. Section 05130.2.2.1 of the Craig Specification, titled "SCR Catalyst Access Doors," recites that, *inter alia*, "the door plate . . . shall be suspended from a davit assembly mounted on the casing wall of the SCR reactor adjacent to the door. . . . The lower edge of the door shall extend downward below the floor level of the SCR system floor, and the lower edge of the door opening shall be flush with the floors on the inside and outside of the SCR reactor." Exhibit B, at 212-13.

16. Catalyst door systems in compliance with the Craig Specification infringe one or more claims of the '221 patent. The reasoning behind this assertion is outlined with respect to the independent claims of the '221 patent in Plaintiffs' Claim Chart, attached hereto as Exhibit C. Plaintiffs' Claim Chart is exemplary and should not be construed as limiting Plaintiffs'

claims of infringement to only the independent claims.

17. Based on BTA's June 18, 2014 bid, which was subsequently interfered with, a prospective contractual relationship existed between BTA and the general contracting party, Mitsubishi Hitachi Power Systems, Ltd., that was bidding on the Craig Project.

18. Upon information and belief, Defendant had actual notice of or should have reasonably known of the existence of the '221 patent.

19. Upon information and belief, Defendant knew of BTA's bid and placed their own bid to provide at least sixteen (16) catalyst doors for the Craig Project, under-cutting BTA's price and intentionally harming BTA, knowing that their offer to sell infringed the '221 patent.

20. With actual knowledge of the '221 patent, upon information and belief, Defendant continued to offer to provide infringing doors for the Craig project.

21. BTA was not selected to supply catalyst door systems for the Craig Project.

22. Upon information and belief, in lieu of BTA, Defendant was selected to supply catalyst door systems for the Craig Project.

23. Upon information and belief, Defendant manufactured, imported, and/or sold, catalyst doors that comply with the Craig Specification for the Craig Project and infringe at least one of the claims of the '221 patent.

24. Plaintiffs, collectively and/or individually, have suffered damage by Defendant's infringement, contributory infringement, and/or inducement of infringement of the '221 Patent, entitling Plaintiffs to recover compensatory damages, and/or to enjoin Defendant's infringing activities for the Craig Project and any other project for which Defendant has supplied, or is supplying infringing catalyst doors.

25. Upon information and belief, Defendant has, by its aforementioned infringement

of the ’221 patent, unlawfully derived substantial profits and gains that Plaintiffs would have otherwise received, either collectively and/or individually.

**COUNT I – INFRINGEMENT OF THE ’221 PATENT**

26. Plaintiffs reallege and incorporate each of the foregoing paragraphs of the Complaint as if fully set forth herein.

27. Despite knowledge of the ’221 patent, Defendant has engaged in activities, and continues to engage in activities, that constitute direct infringement, contributory, and/or inducement of infringement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, *et seq.*, by making, using, selling, offering to sell, contributing to others’ use of and/or inducing others to use products and/or services that infringe at least one claim of the ’221 patent including the offer to sell at least sixteen (16) catalyst doors for the Craig Project and the actual sale of at least sixteen (16) catalyst doors for the Craig Project.

28. On information and belief, defendant will continue to infringe the ’221 patent unless enjoined by this court. As a direct and proximate consequence of Defendant’s infringement of the ’221 patent, Plaintiffs have been, are being and, until such acts and practices are enjoined by this Court, will continue to be irreparably damaged in their business and property, either collectively and/or individually, for which Plaintiffs are entitled to injunctive relief and damages, as set forth in 35 U.S.C. §§ 281, 283 and 284.

29. Upon information and belief, the acts of infringement alleged above are and have been deliberate, intentional and willful, and in actual and full knowledge of the existence of the ’221 patent, entitling Plaintiffs, collectively and/or individually, to recover enhanced damages pursuant to 35 U.S.C. 284 and attorneys’ fees and other expenses of litigation pursuant to 35 U.S.C. 285.

**COUNT II – UNFAIR COMPETITION**

30. Plaintiffs reallege and incorporate each of the foregoing paragraphs of the Complaint as if fully set forth herein.

31. Defendant's unlawful acts, as described above, constitute unfair competition pursuant to Pennsylvania common law and amount to more than mere competition.

32. As a direct and proximate consequence of Defendant's unfair competition, Plaintiffs have been, are being and, until such acts and practices are enjoined by this Court, will continue to be damaged in their business and property, collectively and/or individually, for which BTA and TEI are entitled to injunctive relief and damages.

**COUNT III – TORTIOUS INTERFERENCE WITH A PROSPECTIVE CONTRACT**

33. Plaintiffs reallege and incorporate each of the foregoing paragraphs of the Complaint as if fully set forth herein.

34. Defendant's unlawful acts, as described above, constitute tortious interference with prospective contract under Pennsylvania common law.

35. A prospective contractual relationship existed between BTA and the general contracting party that was bidding on the Craig Project.

36. Defendant intended to harm Plaintiffs, collectively and/or individually, by interfering with and preventing the acceptance of BTA's bid.

37. Defendant's acts are actionable for reasons independent of the claim of unfair competition, as outlined above in Count I.

38. As a direct and proximate consequence of Defendant's tortious interference, Plaintiffs have been, are being and, until such acts and practices are enjoined by this Court, will continue to be damaged in their business and property, collectively and/or individually, for

which BTA and TEI are entitled to injunctive relief and damages.

## DEMAND FOR JURY TRIAL

39. Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Plaintiffs demand trial by jury on all claims asserted herein.

## PRAYERS FOR RELIEF

40. WHEREFORE, Plaintiffs request judgment in their favor, including:

A. A finding that Defendant has infringed, directly and/or indirectly, the ’221 patent in violation of 35 U.S.C. § 271;

B. A finding that Defendant’s infringement of the ’221 patent has been willful;

C. A finding that Defendant’s infringement of the ’221 patent and actions associated therewith constitutes unfair competition in violation of Pennsylvania common law;

D. A finding that Defendant’s infringement of the ’221 patent and actions associated therewith constitutes tortious interference with a prospective contract in violation of Pennsylvania common law;

E. A permanent injunction enjoining and restraining Defendant, its officers, agents and servants, employees, and attorneys, parents and subsidiaries, and other persons in active concert or participation with Defendant, from further infringing, directly or indirectly, the ’221 patent, and from making, using, selling, importing, offering for sale, or licensing any and all products that infringe the ’221 patent, such as products for the Craig Project and any other past or future project;

F. An award of Plaintiffs’ damages proximately caused by Defendant’s unlawful acts, said damages including lost profits caused by infringement of the ’221 patent;

G. An award of increased damages and punitive damages for the willful nature of

Defendant's unlawful acts, the award equal to at least three times the amount of Plaintiffs' actual damages pursuant to 35 U.S.C. §284 or as otherwise permitted by law;

H. An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

I. An award assessment of interest and costs against Defendant; and

J. An award of such other and further relief that this Court deems just and proper.

Dated: August 11, 2016

Respectfully submitted,

/s/ *Jeffrey J. Bresch*

Jeffrey J. Bresch (PA I.D. No. 66777)
jbresch@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
412-391-7234 (tel)
412-394-7959 (fax)

*Counsel for Boiler Tube Company of America and Thermal Engineering International (USA) Inc.*